UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLS PETER NIPHONG,

Plaintiff,

v.

KENT COUNTY SHERIFF'S OFFICE et al.,

Defendants.

Case No. 1:26-cv-218

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought under 42 U.S.C. § 1983 by a county detainee. (Compl., ECF No. 1, PageID.2.) In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

In this action, Plaintiff presents claims regarding events that occurred during his detention at the Kent County Correctional Facility in Kent County, Michigan. Plaintiff sues the Kent County

Sheriff's Office (KCSO), and the following KCSO employees: Sergeant Christopher Boucher, Lieutenant Bryan Knott, Lieutenant Nikila Edwards, Sergeant Unknown King, Jacob Stutzman, and Nurse Katheryn Blake. (Compl., ECF No. 1, PageID.1–2.)

Plaintiff alleges that on September 30, 2025, KCSO "conducted an internal investigation into a civil complaint, case 1:25-cv-00920."[1] (*Id.*, PageID.3.)[2] This investigation was "reviewed by" Defendants Boucher and Edwards, and the "Investigation Interviewer" was Defendant Knott. (*Id.*) The investigation was "further evaluated" by Defendant King. (*Id.*) Plaintiff alleges that on an unspecified date, Defendant Blake "did not make a thorough medical evaluation but [put] false information in the medical report." (*Id.*)

According to Plaintiff's complaint, the subject of the internal investigation by Defendants was an incident where an "employee of KCSO . . . deployed his taser [on Plaintiff]," without making any attempts to "de-escalate the altercation [and] without attempting to gain voluntary cooperation." (*Id.*) Plaintiff alleges that "the use of a taser [was] . . . a clear violation of the Eighth Amendment." (*Id.*) Plaintiff describes the internal investigation as: "bias[ed], arbitrary, conspiracy, disposition, permitted policies by municipality, with objective deliberate indifference, unreasonable use of excessive force by creating false representation, negligent misrepresentation, false information, [and] documents." (*Id.*) Plaintiff further states that the "supervisory officials condoned the conduct of their subordinate by failing to train and/or supervise." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that his Fourth, Eighth, and Fourteenth Amendment rights were violated. (*Id.*) Plaintiff also states that he is bringing a "Monell claim"

---

[1] Reviewing publicly available court dockets, it appears that Plaintiff's reference is to *Niphong v. Stutzman*, No. 1:25-cv-920 (W.D. Mich.), a civil rights action previously filed by Plaintiff in this Court.

[2] In this Opinion, the Court corrects the punctuation, capitalization, and spelling in quotations from Plaintiff's filings.

and claims under the state law tort of intentional infliction of emotional distress. (*Id.*) Plaintiff seeks injunctive and declaratory relief, as well as monetary damages. (*Id.*, PageID.4.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly*/*Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Claims Against Defendant KSCO**

Plaintiff sues the KCSO (Compl., ECF No. 1, PageID.1), and raises a "Monell Claim" in his complaint. (*Id.*, PageID.3.) However, the KSCO, a sheriff's department, does not exist as a separate legal entity; it is simply an agent of the county. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (first quoting *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988); and then citing *Bayer v. Almstadt*, 185 N.W.2d 40, 41 (Mich. Ct. App. 1970)). Therefore, for this reason alone, Defendant KSCO will be dismissed for failure to state a claim. Moreover, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, even if the Court assumes that Plaintiff intended to bring a "Monell Claim" against Kent County, rather than the KSCO, as explained below, he fails to state a claim.

Kent County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60.

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell*, 436 U.S. at 690–91). Instead, a municipality "can be sued under § 1983 only when a policy or custom of that government caused the injury in question." *Id.* (citations omitted). "[T]he finding of a policy or custom is the initial determination to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). Further, the policy or custom must be the moving force behind the constitutional injury,

and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by a sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Claiborne Cnty.*, 103 F.3d at 507. "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

In his complaint, Plaintiff makes vague allegations about unspecified "permitted policies by [the] municipality," (Compl., ECF No. 1, PageID.3), but does not allege with any specificity what policy is objectionable. (*See id.*) Further, Plaintiff has failed to allege sufficient facts to show that any potential wrongdoing amounted to Kent County having a practice "so permanent and well settled as to constitute a custom or usage with the force of law." *Claiborne Cnty.*, 103 F.3d at 507. To the extent that Plaintiff intended to allege that one KCSO employee's use of a taser was objectionable, that incident was the subject of *Niphong v. Stutzman*, No. 1:25-cv-920 (W.D. Mich.), and was previously adjudicated. And, regardless, Kent County may not be held vicariously liable for the actions of its employees under § 1983.

Therefore, because Plaintiff fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries, Plaintiff fails to state a claim against Kent County. *Cf. Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's

allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

### B. Defendant Stutzman

Plaintiff lists Defendant Stutzman as a Defendant in this action; however, Plaintiff fails to allege any facts showing how Defendant Stutzman was personally involved in the violation of his constitutional rights. (*See generally* Compl., ECF No. 1, PageID.3.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not name Defendant Stutzman in the body of his complaint. Plaintiff's claims against Defendant Stutzman therefore fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Accordingly, for these reasons, Plaintiff's claims against Defendant Stutzman will be dismissed for failure to state a claim.

### C. Eighth Amendment Claims Regarding Use of the Taser & Res Judicata

In Plaintiff's complaint, he claims that the internal investigation on September 30, 2025, by Defendants Boucher, Knott, Edwards, and King concerned the facts underlying *Niphong v.*

*Stutzman*, No. 1:25-cv-920 (W.D. Mich.). (*See* Compl., ECF No. 1, PageID.3.) Plaintiff alleges that Defendants were investigating the deployment of a taser by a "KCSO employee" and that the "use of a taser to subdue [Plaintiff] . . . was inappropriate, unreasonable, and a clear violation of the Eighth Amendment." (*Id*.) To the extent that Plaintiff attempts to raise an Eighth Amendment claim for the excessive use of force in this action, Plaintiff's claims are barred by res judicata.

The doctrine of claim preclusion, sometimes referred to as res judicata, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Here, the use of force that Plaintiff references in the present complaint was the subject of Plaintiff's prior civil action in this Court, *Niphong v. Stutzman*, No. 1:25-cv-920. (W.D. Mich). (Compl. ECF No. 1, PageID.3.) This previously filed civil rights action alleged that a prison official used excessive force against Plaintiff on July 9, 2025. *See* Compl., *Niphong v. Stutzman*, No. 1:25-cv-920. (W.D. Mich), (ECF No. 1). In that case, the Court found that based on the evidentiary record, the use of force was reasonable. *See Niphong v. Stutzman*, No. 1:25-cv-920, 2026 WL 1857904, at *1 (W.D. Mich. June 29, 2026).

Therefore, to the extent that Plaintiff intends to raise Eighth Amendment claims in this complaint based on actions that were the subject of *Niphong v. Stutzman*, No. 1:25-cv-920 (W.D. Mich.), those claims are barred by res judicata.[3] An action that is barred by res judicata is legally frivolous. *See, e.g.*, *Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001); *Hill v. Elting*, 9 F. App'x 321 (6th Cir. 2001).

**D. Defendants Boucher, Knott, Edwards, and King**

**1. Fourteenth Amendment Claims**

When listing the claims raised in this suit, Plaintiff references the Fourteenth Amendment, but he does not provide any further explanation regarding the type of Fourteenth Amendment claims he is raising in this action. (Compl., ECF No. 1, PageID.3.) However, Plaintiff's complaint broadly describes the "bias[ed and] arbitrary . . . false information and documents," in the internal investigation conducted by Defendants Boucher, Knott, Edwards, and King. (*Id.*) The Court construes Plaintiff's allegations regarding Defendants Boucher, Knott, Edwards, and King as claims that his due process rights were violated.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To state a Fourteenth Amendment procedural due process claim, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures

[3] Plaintiff's present complaint asserts that his Fourth and Fourteenth Amendment rights were violated. (Compl., ECF No. 1, PageID.3.) To the extent that Plaintiff's Fourth and Fourteenth Amendment claims are regarding the force used during the deployment of a taser on July 9, 2025, these claims are barred by res judicata for the same reasons set forth above.

attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Here, Plaintiff fails to allege a protected liberty or property interest infringed upon by a biased or arbitrary investigation conducted by Defendants Boucher, Knott, Edwards, or King. Plaintiff further fails to allege that he was denied any process associated with a protected liberty or property interest. *Thompson*, 490 U.S. at 460. In a conclusory collection of phrases, Plaintiff claims the investigation was "false" and "permitted policies" that violated his rights. However, Plaintiff fails to allege any particular policy or facts to show how the investigation could have violated his due process rights. Plaintiff's vague suggestion that Defendants Boucher, Knott, Edwards, or King failed to comply with due process fails to raise a cognizable federal claim.

To the extent that Plaintiff seeks to hold Defendants Boucher, Knott, Edwards, and King liable due to their supervisory positions, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676 (2009); *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendants Boucher, Knott, Edwards, and King encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

Accordingly, for all of these reasons, Plaintiff's Fourteenth Amendment claims against Defendants Boucher, Knott, Edwards, and King will be dismissed for failure to state a claim.

### 2. Fourth and Eighth Amendment Claims

Plaintiff's complaint references the Fourth and Eighth Amendments, but he does not provide any further explanation regarding the type of Fourth or Eighth Amendment claims he is raising in this action. (Compl., ECF No. 1, PageID.3.) Defendants Boucher, Knott, Edwards, and King were responsible for investigating and reviewing the deployment of the taser against Plaintiff. (*Id.*)

Plaintiff alleges no facts to suggest that the adequacy of Defendants Boucher, Knott, Edwards, and King's internal investigation implicated Plaintiff's rights under the Fourth and Eighth Amendments. Instead, as set forth above, Plaintiff's claims against Defendants Boucher, Knott, Edwards, and King are properly addressed by his Fourteenth Amendment claims.

Accordingly, Plaintiff's Fourth and Eighth Amendment claims against Defendants Boucher, Knott, Edwards, and King will be dismissed for failure to state a claim.

### E. Defendant Blake

#### 1. Eighth and Fourteenth Amendment Claims

Plaintiff alleges that Defendant Blake did not conduct a thorough medical evaluation and put "false information in the medical report." (Compl., ECF No. 1, PageID.3.) To the extent that Plaintiff intended to claim that Defendant Blake violated his Fourteenth Amendment due process rights by conducting an inadequate investigation as related to the medical report she issued, for the same reasons set forth above, Plaintiff fails to allege a protected liberty or property interest infringed upon by a biased or arbitrary medical report by Defendant Blake. *See Thompson*, 490 U.S. at 460.

Moreover, although not specifically articulated by Plaintiff, to the extent Plaintiff intended to claim that by putting "false information in the medical report," Defendant Blake provided inadequate medical care in violation of Plaintiff's Eighth or Fourteenth Amendment rights, he fails to state such a claim.[4]

To state a claim for inadequate medical care under the Fourteenth Amendment, a pretrial detainee–plaintiff must show:

> (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

[4] Plaintiff does not specify in his complaint or other filings whether, at the time of the events described in his present complaint, he was held in the Kent County Correctional Facility as a pretrial detainee or was convicted of a crime. Claims by pretrial detainees for inadequate medical treatment are derived from the Fourteenth Amendment due process clause and claims by those convicted of a crime are derived from the Eighth Amendment. *See, e.g.*, *Gray v. City of Detroit*, 399 F.3d 612, 615–616 (6th Cir. 2005).

*Trozzi v. Lake Cnty., Ohio*, 29 F.4th 745, 757–58 (6th Cir. 2022). To state a medical care claim under the Eighth Amendment, a convicted prisoner-plaintiff must allege facts showing (1) that the medical need at issue was sufficiently serious and that (2) "the official [was] both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

Here, Plaintiff does not allege what medical issue he had addressed by Defendant Blake or whether she was directly involved in providing or denying him medical care. Under these circumstances, Plaintiff provides no facts to suggest that he had a serious medical need, nor are there any allegations that Defendant Blake "knew that [her] failure to respond" to Plaintiff's unspecified medical issue "would pose a serious risk to [Plaintiff] and ignored that risk." *Trozzi*, 29 F.4th at 757–58.

Accordingly, for all of these reasons, Plaintiff's claims for improper medical treatment or due process violations against Defendant Blake will be dismissed for failure to state a claim.

**2. Fourth Amendment Claims**

As addressed above, Plaintiff's complaint references the Fourth Amendment, but he does not provide any further explanation regarding the type of Fourth Amendment claim he is raising in this action. (Compl., ECF No. 1, PageID.3.) Defendant Blake is alleged to have made a medical report with "false information." (*Id.*)

Plaintiff alleges no facts to suggest that the adequacy of Defendant Blake's medical report implicated Plaintiff's rights under the Fourth Amendment. Instead, as set forth above, Plaintiff's claims against Defendant Blake are properly addressed by Plaintiff's Eighth and Fourteenth Amendment claims.

Accordingly, Plaintiff's Fourth Amendment claims against Defendant Blake will be dismissed for failure to state a claim.

**F. State Law Claims**

Plaintiff alleges that Defendants are liable for the intentional infliction of emotional distress. (Compl., ECF No. 1, PageID.3.)

In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

With regards to Plaintiff's state law claims, because Plaintiff's federal claims against all the Defendants will be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge*

*v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A Judgment consistent with this Opinion will be entered.

Dated: August 10, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge